**Dieynaba Diagana TANDIANG, Petitioner,**

v.

**Alberto R. GONZALES,[1] Respondent.**

**No. 03–4116–ag.**

United States Court of Appeals, Second Circuit.

Jan. 18, 2007.

---

1. Pursuant to Federal Rule of Appellate Pro-    cedure 43(c)(2), Attorney General Alberto R.

Roberto Tschudin Lucheme, Glastonbury, Connecticut, for Petitioner.

Patrick J. Fitzgerald, United States Attorney for the Northern District of Illinois, Ronald L. DeWald, Jr., Craig Oswald, Assistant United States Attorneys, Chicago, Illinois, for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. B.D. PARKER, Hon. PETER W. HALL, Circuit Judges.

**SUMMARY ORDER**

Petitioner Dieynaba Diagana Tandiang, a native and citizen of Mauritania, seeks review of a December 18, 2002 order of the BIA affirming a March 22, 1999 decision of Immigration Judge ("IJ") Robert D. Weisel, denying Tandiang's application for asylum and withholding of removal. *In re Dieynaba Diagana Tandiang*, No. A73 563 545 (B.I.A. Dec. 18, 2002); *aff'g In re Dieynaba Diagana Tandiang*, No. A73 563 545 (Immig. Ct. N.Y. City Mar. 22, 1999). We assume the parties' familiarity with the underlying facts and procedural history.

When the BIA summarily affirms the decision of the IJ without issuing an opinion, this Court reviews the IJ's decision as the final agency determination. *See, e.g., Twum v. INS*, 411 F.3d 54, 59 (2d Cir. 2005). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen v. INS*, 359 F.3d 121, 129 (2d Cir.2004). In reviewing the agency's decision, our review is "confined to the reasons given by the IJ, and [the Court] will not search the record for alternative reasons to affirm the decision of the BIA." *Zhi Wei Pang v. BCIS*, 448 F.3d 102, 107 (2d Cir.2006) (citing

Gonzales is automatically substituted for former Attorney General John Ashcroft as the respondent in this case.

*Secaida–Rosales v. INS*, 331 F.3d 297, 305 (2d Cir.2003)).

The adverse credibility finding that defeats this claim is supported by substantial evidence including, the following: Tandiang failed to mention her encounter with the military soldiers at her home in her initial asylum application; she provided inconsistent testimony about whether she was present at her stepfather's arrest, when the soldiers broke her finger, why she needed to return to Mauritania after being deported to Senegal, and whether she returned to Mauritania on more than one occasion. These inconsistencies and implausibilities relate to material elements of her claims. Because the IJ's denial of Tandiang's asylum claim was not in error, the IJ also properly denied her withholding of removal claim. *See Wu Biao Chen v. INS*, 344 F.3d 272, 275 (2d Cir.2003).

Accordingly, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).